UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15CV1580 RLW |
| v. ) | |
| ) | |
| ) | |
| YEV GRAY, DPM, ) | **FILED UNDER SEAL** |
| NATALIE GRAY, AND ) | |
| JAMES SAYADZAD, ) | |
| ) | |
| Defendants. ) | |

## TEMPORARY RESTRAINING ORDER

On this 15th day of October 2015, at 2:30 p.m., upon consideration of Plaintiff United States of America's Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law, pursuant to 18 U.S.C. § 1345, the Complaint filed by Plaintiff United States of America, and the Declaration of Special Agent Linda Hanley, Department of Health and Human Services, Office of Inspector General, Office of Investigations, the Court finds that the United States has sufficiently demonstrated that:

1. Defendants Yev Gray, Natalie Gray and James Sayadzad are committing and unless enjoined will continue to commit a Federal health care offense, by conspiring, in violation of 18 U.S.C. § 371, to execute a health care fraud scheme in violation of 18 U.S.C. § 1347 and to make and use false documents and statements concerning health care benefits and services in violation of 18 U.S.C. § 1035, and by making and using false statements and documents concerning health care benefits and services, in violation of 18 U.S.C. § 1035.

2. Defendants are alienating or disposing of property, and intend to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value; and

3. Providing advance notice to the Defendants will likely aggravate the damage that this Order seeks to prevent because advance notice will provide the Defendants with the opportunity to transfer, expend, or conceal the remaining property.

Based on the foregoing, the Court hereby concludes as follows:

4. that the requested relief has been considered and the United States' motion for a temporary restraining order is **GRANTED** without prior notice to the Defendants; and

5. because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a temporary restraining order in this case.

After consideration of the foregoing, it is therefore

**ORDERED, ADJUDGED, and DECREED** that the Defendants, their respective owners, agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

> i. From making or submitting or conspiring to make or submit any claims to the Medicare program or any health care benefit program, as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 371, 1035, and 1347, and from

committing any Federal health care offense, as defined in 18 U.S.C. § 24(a);

ii. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on behalf of any Defendant by any financial institution, trust fund, or other financial entity, public or private, **including but not limited to** the following accounts:

| Bank Name | Account Holder | Account Number Ending In |
|---|---|---|
| TD Ameritrade | Yev Gray-IRA | #3827 |
| TD Ameritrade | Yev Gray | #9916 |
| TD Ameritrade | Natalie Gray-IRA | #3822 |
| TD Ameritrade | Natalie Gray Estate-IRA | #9512 |
| TD Ameritrade | Natalie Gray Trust | #3317 |
| JP Morgan Chase | James N. Sayadzad | #5027 |
| JP Morgan Chase | James N. Sayadzad | #7260 |
| JP Morgan Chase | Yev & Natalie Gray | Safe Deposit Box #6543-8 |
| JP Morgan Chase | Yev & Natalie Gray | Safe Deposit Box #7455-1 |
| UBS Financial Services | Natalie Gray | #1715-T2 |
| T. Rowe Price | James and Amy Sayadzad | #8915-2<br>#8622-3<br>#8630-4<br>#8626-5 |
| IMY Banque Syz | Yev and Natalie Gray (via wealth manager) | #3557-3 |
| Rahn & Bodmer | Yev and Natalie Gray (via wealth manager) | #5819 |
| JP Morgan Chase | Midwest Podiatry Consultants dba Aggeus Healthcare | #0253 |
| JP Morgan Chase | Natalie Gray | #4492 |
| JP Morgan Chase | Natalie Gray | #5337 |

3

| JP Morgan Chase | Natalie Gray | #5217 |
| --- | --- | --- |
| JP Morgan Chase | Yev Gray Estate Trust | #8863 |
| JP Morgan Chase | Natalie Gray Estate Trust | #8921 |
| JP Morgan Chase | Natalie Gray Irrevocable Trust | #9273 |
| BMO Harris Bank | James N. Sayadzad | #3078 |
| BMO Harris Bank | James N. Sayadzad | #2608 |
| BMO Harris Bank | James N. Sayadzad | #5078 |
| First Midwest Bank | Aggeus Healthcare P.C. | #6247 |
| North Shore Community Bank and Trust | Aggeus Healthcare P.C. | #4289 #6213 |

    iii.    From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture or furnishings, household contents, etc.), in which any Defendant has an interest, **including but not limited to** the following properties:

| Owner | Address |
| --- | --- |
| Yev & Natalie Gray (The Natalie Gray Estate Trust) | 1919 S. Prairie Ave, Apt 2, Chicago, Illinois 60616 Parcel ID #17-22-309-122-1002, Residential Condominium, Township: South Chicago, Neighborhood: 11 |
| Yev & Natalie Gray dba Chicago Riverside Real Estate Holdings, LLC | 401 N. Wabash, Unit 72G, Chicago, Illinois 60611 Parcel ID #17-10-135-038-2027, Residential Condominium, Township: North Chicago, Neighborhood: 30 |

4

| | |
|---|---|
| Yev & Natalie Gray | Costa Rica – Banco Nacional De Costa Rica, Ref: to Purchase Property Folio |
| James Sayadzad | 210 East Walton Place, Unit E, Chicago, Illinois 60611 Parcel ID #17-03-208-024-1005, Residential Condominium, Township: North Chicago, Neighborhood: 22 |
| Yev and Natalie Gray | 3316 South Throop Street, Chicago, Illinois, 60608, Parcel ID #17-32-119-010-0000, Township: South Chicago, Neighborhood: 50 |

**IT IS FURTHER ORDERED** that Defendants, their respective owners, agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, are ordered:

    iv.    To preserve all business, financial and accounting records, including bank records, that detail any of Defendants' business operations and disposition of any payment that directly or indirectly arose from the payment of money to any Defendant on behalf of the Medicare program;

    v.    To preserve all medical records, including patient records, that relate to any of the Defendants' business operations and/or to services for which claims were submitted to the Medicare program;

**IT IS FURTHER ORDERED** that Defendants, within one calendar week of receiving notice of this Order:

    vi.    Provide to the United States the following:

    a. a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money or other items of value, whether or not in response to any of the activities described in the United States Complaint, have been deposited in any Defendant's name or in the names of any of their owners, agents, employees, officers, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

    b. the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for any of the Defendant in the past three years; and

    c. an accounting of all assets that includes suitable reports detailing each of the Defendants' current financial condition and the financial condition of any entity in which such Defendant has a direct or controlling financial interest, including but not limited to Aggeus Healthcare LLC and Aggeus Healthcare, P.C., and all other Aggeus related entities.

**IT IS FURTHER ORDERED** that the United States shall promptly attempt to provide notice of this action and this Order to Defendants either through their last known counsel or by attempting service at last known addresses and by attempting telephone notice via known telephone numbers. Pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff United States of America shall not be required to post security for the instant action.

This temporary restraining order shall remain in force until the close of business on the 29th day of October, 2015, or at such later date as may be extended by the Court, or agreed upon by the parties.

The parties shall take notice that this matter shall come before the Court for a preliminary injunction hearing on the 27th day of October, 2015, at 10:00 a.m., in accordance with Plaintiff's complaint and motion for injunctive relief. Defendants may request an earlier hearing on the terms of this temporary restraining order in accordance with the terms of Federal Rule of Civil Procedure 65.

Dated this 15th day of October, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**