UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YEV GRAY, DPM, ) <br> NATALIE GRAY and ) <br> JAMES SAYADZAD, ) <br> ) <br> Defendants. ) | No. 4:15CV1580 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dissolve Preliminary Injunction (ECF No. 29). The motion is fully briefed, and on June 2, 2016, the Court heard oral argument on said motion. Upon consideration of the arguments and evidence presented in support and in opposition of the motion, the Court will deny Defendants' Motion to Dissolve Preliminary Injunction.

On October 15, 2015, Plaintiff United States of America ("United States") filed an Ex Parte Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction under seal. On that same date, the United States filed an Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction pursuant to 18 U.S.C. § 1345 to prevent further losses to the United States as a result of Defendants' conspiracy to execute a health care fraud scheme. The United States averred that the government had identified losses to Medicare of over $23 million stemming from the submission of fraudulent claims for podiatry services that were either not covered, routine toenail trimmings, or services not performed or not medically necessary. In the motion, the United States also noted that the Defendants were

indicted in a related criminal case on October 14, 2015 in this district. The motion sought to freeze Defendants' assets derived from the fraud to ensure those assets were available to satisfy any judgment.

On October 15, 2015, this Court granted a Temporary Restraining Order and set a preliminary injunction hearing. On October 27, 2015, the Court held a telephone conference during which time the parties discussed the United States' proposed order granting in part and denying in part the motion for preliminary injunction. Upon agreement by the parties during the teleconference, the Court issued an Order Granting in Part and Denying in Part the United States' Motion for Preliminary Injunction. (ECF No. 11) The parties later agreed to an amendment of that Order to allow the Defendants to withdraw funds for legal fees and fulfill payroll obligations. (Order of 10/30/15, ECF No. 16) On November, 24, 2015, the parties filed a Joint Motion to Amend the Preliminary Injunction to Allow for Defendants' Reasonable Living Expenses and Preservation of Real Property, which the Court granted the following day. (ECF Nos. 26, 28)

On April 26, 2016, Defendant filed the instant Motion to Dissolve Preliminary Injunction, claiming that *Brady* materials produced in the criminal case contained exculpatory information rendering inaccurate the allegations in the United States' Complaint and Motion for Preliminary Injunction. After the motion was fully briefed, the Court heard oral arguments on June 2, 2016.

The parties agree that district courts have wide discretion to determine what circumstances are appropriate for granting injunctive relief and under what circumstances the dissolution of the injunction are warranted. *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008). Courts "look to equitable considerations to determine whether dissolution of

the injunction is warranted." *Ams. United for Separation of Church & State v. Prison Fellowship Ministries*, 555 F. Supp. 2d 988, 991 (S.D. Iowa 2008). "The burden is on the party seeking modification or dissolution of the injunction to demonstrate 'that a significant change in circumstances warrants revision of the [injunction].'" *Id.* at 992 (quoting *Rufo v. Inmates of Suffolk Jail*, 502 U.S. 367, 383 (1992)). The burden may be satisfied by showing a significant change in either the factual conditions or the law. *Id.* (citation and internal quotation omitted); *see also Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 241-42 (3d Cir. 2003). The relevant issue is whether the grounds relied upon in issuing the preliminary injunction are still sufficient to maintain the injunction in light of discovery. *U.S. Commodity Futures Trading Comm'n v. Garofalo*, No. 10 C 2417, 2010 WL 11245430, at *7 (N.D. Ill. Dec. 21, 2010).

Here, Defendants argue that the *Brady* materials produced by the United States materially contradict the government's pleadings and fundamentally undermine the grounds for injunctive relief such that a significant change in circumstances has occurred. The Court disagrees. The Court entered the Temporary Restraining Order ("TRO") on the grounds that Defendants were committing and unless enjoined would continue to commit:

> a Federal health care offense, by conspiring, in violation of 18 U.S.C. § 371, to execute a health care fraud scheme in violation of 18 U.S.C. § 1347 and to make and use false documents and statements concerning health care benefits and services in violation of 18 U.S.C. § 1035, and by making and using false statements and documents concerning health care benefits and services, in violation of 18 U.S.C. § 1035.

(TRO of 10/15/15 p. 1, ECF No. 6) Further, the Court found that Defendants were alienating or disposing of property and intended to alienate or dispose of property that was obtained as a result of a Federal health care offense, said property being traceable to such violation or of equivalent value. (*Id.* at 2) Thus, the Court granted the motion for TRO under 18 U.S.C. § 1345 to protect

3

the public interest. (*Id.*) The Court then relied upon the reasons stated in the TRO and as agreed by the parties to grant in part and deny in part the United States' Motion for Preliminary Injunction. (ECF No. 11)

In the instant case, Defendants have failed to show a significant change in circumstances warranting dissolution of the preliminary injunction. While the *Brady* materials may or may not be exculpatory in the criminal case, the United States has demonstrated under either a probable cause or preponderance of the evidence standard that a fraud is being committed or will be committed by Defendants under 18 U.S.C. § 1345.[1] In its motion, Defendants attempt to cherry pick certain statements and argue that this evidence undermines the government's entire case. However, the government's Complaint states, *inter alia*, that a former Aggeus podiatrist witnessed the fraud of another Aggeus podiatrist, including routine services not covered by Medicare but billed to Medicare as medically necessary. (Compl. ¶ 43, ECF No. 1) Further, the Declaration of the Special Agent of the United States Department of Health and Human Services, Office of Inspector General, Office of Investigations ("Agent Declaration") indicated several facilities, not individuals, complained about charges for services such as trimming skin lesions when the Aggeus doctor did nothing but clip toenails. (Agent Decl. ¶¶ 128, 144, ECF No. 1-1) Additionally, the Agent Declaration indicates that Defendants encouraged podiatrists to

---

[1] The parties disagree as to the applicable standard of proof to believe a fraud is being committed sufficient to issue an injunction under 18 U.S.C. § 1345. *Compare U.S. v. Barnes*, 912 F. Supp. 1187, 1194-95 (N.D. Iowa 1996) (finding that § 1345 "requires the government to show *by the preponderance of the evidence*, not merely probable cause to believe, that a fraud is being committed . . . [or that]the defendant is 'about to' commit such a fraud") (emphasis in original) internal citations omitted) *with U.S. v. Fang*, 937 F. Supp. 1186, 1197 (D. Md. 1996) (concluding that "the 'reasonable probability' standard of conventional preliminary injunction analysis equates with 'probable cause'" and applies to a motion under § 1345). The Court finds that the government prevails under either standard and thus declines to speculate as to which standard the Eighth Circuit Court of Appeals would apply.

4

order Doppler studies, even on those that did not qualify, to fraudulently bill the tests to Medicare. (Agent Decl. ¶¶ 69, 90, 93)

The Court finds that, while Defendants may use the *Brady* materials as a defense at their criminal trial, the evidence and arguments presented by Defendants does not show an overall significant change in circumstances regarding the alleged fraud committed by Defendants. Under 18 U.S.C. § 1345(a), if a person is committing or about to commit a Federal health care offense, the government may bring a civil action in federal court to enjoin said violation. 18 U.S.C. § 1345(a)(1)(C). Further, if the person is alienating or disposing of property, or intends to do so, and the property was obtained as a result of a Federal health care offense, the government may commence a civil action for a restraining order to prohibit the person from disposing of such property. 18 U.S.C. § 1345(a)(2)(B). The Defendants' motion and *Brady* materials do not overcome the government's evidence noted by the Court, as well as other evidence in the Complaint, warranting an injunction under § 1345. Therefore, the Court will deny Defendants' Motion to Dissolve Preliminary Injunction.

The Court also notes that Defendants requested an evidentiary hearing under 18 U.S.C. § 1345(b) both in reply brief and orally at the hearing. Defendants provide no support for the proposition that they are entitled an evidentiary hearing after agreeing to the terms of the preliminary injunction and its amendments. Further, the Court does not read the statute as applicable to a motion to dissolve, nor do Defendants contend that the statute applies to the dissolution of an injunction against fraud. Thus, the Court will deny Defendants' oral motion for an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dissolve Preliminary Injunction (ECF No. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' oral Motion for Evidentiary Hearing is **DENIED.**

Dated this 3rd day of June, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**